IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2013 AUG -9 PM 2:59

JENNIFER McGINITY,

    Plaintiff,

vs.

TRACFONE WIRELESS INC., d/b/a NET10 WIRELESS,

    Defendant.

_____/

CASE NO.:

6:13-CV-1214- ORL- 22KRS

## COMPLAINT

Plaintiff, JENNIFER MCGINITY, by and through her undersigned counsel, sues the Defendant, TRACFONE WIRELESS INC. d/b/a NET10, and in support thereof respectfully alleges the following:

### JURISDICTION AND VENUE

1.    This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

2.    Jurisdiction and venue for purposes of this action are appropriate and conferred by Florida Statutes. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§1331 and 1337. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012).

3.    The alleged violations described in the Complaint occurred in Orange County, Florida.

### FACTUAL ALLEGATIONS

4.    Plaintiff is a natural person, and citizen of the State of Florida, residing in Orange County, Florida.

5.    Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

6.    Plaintiff is an "alleged debtor."

7. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

8. Defendant is a Delaware corporation and a citizen of the State of Florida with its principal place of business at 9700 N.W. 112th Avenue, Miami, FL 33178.

9. Defendant sought to collect a debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt."

10. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

11. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back-to-back days, with such frequency as can reasonably be expected to harass.

12. Each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

13. On information and belief, the telephone calls placed were done so using automated telephone dialing equipment, without human intervention.

14. Each call the Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

15. On or about February 15, 2013, Plaintiff purchased a NET 10 cell phone and called (877) 836-2368 pursuant to the activation card instructions in order to activate it.

16. Upon activating her phone, Plaintiff spoke with a TracFone employee, Ulwin Mundy, who told Plaintiff she needed to send $400.00 to him.

17. Mr. Mundy stated that her whole family would be killed if Plaintiff did not send him money. He proceeded to give her details on how he would kill her. Mr. Mundy continued to call and harass the Plaintiff and said he would not stop until Plaintiff gave him money.

18. Plaintiff even had her husband, neighbor, as well as a law enforcement officer ask Mr. Mundy to stop the harassing cell phone calls.

19. Plaintiff called TracFone and requested that her cell phone number be changed in order to stop the unwanted harassing calls. Her number was changed to (413) 301-3652, however, Plaintiff continued to receive the harassing cell phone calls.

20. Plaintiff called numerous times to TracFone and to numerous locations including Guyana, Guatemala, Honduras, and Jamaica, speaking with several different people in order to get the harassing calls to stop. However, Mr. Mundy continued to call Plaintiff from Guyana, South America.

21. Plaintiff contacted TracFone's corporate office in Miami, FL and spoke with Anna (employee #56748), Michael Babaling (employee #57482), Hugo (employee #53203), and Gena (305) 715-6500 to attempt to get the harassing phone calls stopped. Plaintiff was on hold for hours at a time before she was able to speak with someone about the harassing calls.

22. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse.

23. The harassing cell phone calls began on or about February 15, 2013, and continued through March 2013.

24. Additionally, Plaintiff spoke with Angel, Director of Operations at (315) 715-6795, to get the calls to stop. Plaintiff was offered, "a year's worth of service, if she would agree not to obtain legal counsel".

25. Plaintiff was previously crippled in an automobile accident whereby Plaintiff was hit by a drunk driver. In addition, Plaintiff is now battling bladder cancer, and is suffering from post-traumatic stress disorder.

26. Plaintiff received approximately six thousand (6,000) calls from Defendant from February 2013 through March 2013.

27. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

28. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

29. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I

### (Violation of the TCPA)

30. Plaintiff incorporates Paragraphs one (1) through twenty-nine (29).

31. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II

### (Violation of the FCCPA)

32. Plaintiff incorporates Paragraphs one (1) through twenty-nine (29).

33. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

34. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

35. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

36. Defendant has violated Florida Statute §559.72(8) by the use of profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family.

37. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

38. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III

### (Intentional Infliction of Emotional Distress)

39. Plaintiff incorporates Paragraphs one (1) through twenty-nine (29).

40. Defendant individually, and through its employees, agents, representatives and collectors, has intentionally inflicted emotional distress on the Plaintiff by its outrageous conduct.

41. The outrageous conduct as set forth in paragraphs one (1) twenty-nine (29) herein, were directed at Plaintiff by and through Defendant's employees, agents, apparent agents or other persons acting to benefit and further the interests of the Defendant, in the course and scope of their employment or agency with Defendant.

42. As a direct and proximate result of the outrageous acts described in paragraphs one (1) through twenty-nine (29) herein, Plaintiff sustained mental pain and suffering, emotional distress, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

**WHEREFORE,** Plaintiff respectfully request judgment be entered against Defendant for statutory damages, actual damages, enjoinder from further violations, costs, interest, attorney fees and any other such relief this Honorable Court deems appropriate in the spirit of Justice.

### CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of the foregoing has been served on Defendant through Personal Service of Process or Service of Process on its Registered Agent.

Respectfully submitted,

s/ William Peerce Howard
William Peerce Howard, Esq.
Florida Bar No.: 0103330
Amanda J. Allen, Esq.
Florida Bar No.: 098228
Attorney for Plaintiff
Morgan & Morgan, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
WHoward@ForThePeople.com
AAllen@ForThePeople.com